# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JENZEL CHAVEZ, ANNA VERONICA VELA, BORIS CHAVEZ, KAREN CHAVEZ, | § § § § § | Civil Action No. 4:17-CV-00714-ALM Judge Mazzant |
| v. | § § § | |
| THE GOODYEAR TIRE & RUBBER COMPANY, WILLIAM SHANE TACKETT, CHRISTOPHER NELSON, | § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand (Dkt. #11). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

As Jose and Ana Maria Chavez drove West on U.S. Highway 82, in Fannin County, Texas, a Spartan fire truck, driving East, crossed the center line and crashed into their vehicle. As a result of the collision, Jose and Ana died. Plaintiffs allege the cause of the fire truck's crossing the center line resulted from the left, front tire suffering a disablement. As a result, on July 25, 2017, Plaintiffs filed suit in the 336th Judicial Court of Fannin County, Texas. Specifically, Plaintiffs filed suit against the alleged previous owners of the fire truck, North Shore Fire Department ("North Shore") and William Shane Tackett ("Tackett"), the fire truck's operator, Christopher Nelson ("Nelson"), and the fire truck's tire manufacturer, Goodyear Tire & Rubber Company ("Goodyear").

The citizenship of the parties is not in dispute. Plaintiffs are all Texas citizens. Goodyear, an Ohio corporation with its principal place of business in Akron, Ohio, is an Ohio citizen. Nelson is an Arkansas citizen. North Shore is a Texas citizen. Tackett is a Texas citizen.

On October 5, 2017, Goodyear filed its Notice of Removal (Dkt. #1) alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000, exclusive of interest and costs. On November 6, 2017, Plaintiffs filed their Motion for Remand (Dkt. #11), and on November 20, 2017, Goodyear filed its response (Dkt. #12). Plaintiffs filed their reply (Dkt. #13) on November 27, 2017. Goodyear filed its sur-reply (Dkt. #16) on December 5, 2017.

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

**ANALYSIS**

Goodyear avers jurisdiction is proper because complete diversity exists between the real parties in interest. In making this argument, Goodyear claims that Plaintiffs improperly joined non-diverse Defendants North Shore and Tackett, thus, their citizenship should be irrelevant for jurisdictional purposes. Further, Goodyear contends that although Nelson is diverse he is also an improperly joined defendant. As a result, Goodyear claims that Nelson's consent to remove the case, as required by 28 U.S.C. § 1446(b)(2)(A), is unnecessary. Plaintiffs asserts remand is appropriate because both Tackett and Nelson are properly joined defendants.[1] As such, Plaintiffs argue remand is appropriate.

Although the issues before the Court are whether Nelson and Tackett are properly joined defendants, the Court finds it is only necessary to address whether Goodyear's failure to obtain Nelson's consent is excusable.

**I.    Failure to Obtain Nelson's Consent**

Goodyear argues that because Plaintiffs improperly joined Nelson as a defendant, Nelson's consent to remove is unnecessary. The Court disagrees.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This rule is sometimes referred to as the "rule of unanimity" or "unanimity of consent rule." *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 569 (N.D. Tex. 2015). When a defendant removes from state court to federal court, the removing defendant "bear[s] the burden of establishing compliance with the rule of unanimity, either by showing that all properly joined

---

[1] On November 27, 2017, the parties filed a Stipulation of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) of North Shore Fire Department (Dkt. #14). On December 6, 2017, the Court entered an Order on Stipulation of Dismissal (Dkt. #17) dismissing North Shore from the lawsuit. As such, the Court does not include North Shore in its analysis.

and served defendants[] consent to removal or by establishing that a named defendant's consent to removal is not required." *Id.* at 570. Exceptions to the unanimity rule include: (1) "where the non-consenting defendant was not yet served with process at the time the removal petition was filed;" (2) "where a defendant is merely a nominal, unnecessary, or formal party-defendant;" and (3) "where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c)." *Id.* (citation omitted). "[I]f a removing party fails to obtain the consent to remove of any co[-]defendants, the notice of removal must affirmatively explain why consent of those defendants was unnecessary." *Id.* (citation omitted).

As explained above, Goodyear contends that Nelson's consent to remove is unnecessary because he is improperly joined. In explaining why Nelson is allegedly improperly joined, Goodyear performs an improper joinder analysis as laid out in *Smallwood*. The Court finds that Goodyear's application of improper joinder analysis is misplaced.

Improper joinder is established by "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the *non-diverse* party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (emphasis added) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). "[T]he purpose of the improper joinder inquiry is to determine whether or not the *in-state* defendant was properly joined." *Id.* (emphasis added). The improper joinder doctrine "prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, *non-diverse* defendant." *Hayden v. Allstate Tex. Lloyds*, No. H-10-646, 2011 WL 240388, at *3 (S.D. Tex. Jan. 20, 2011) (emphasis added) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009)). As such, a court faced with a case removed under § 1332 diversity jurisdiction involving

an in-state defendant performs an improper joinder analysis to determine whether subject matter jurisdiction exists. *Breitling*, 86 F. Supp. 3d at 571.

Here, Nelson, an Arkansas citizen, is a *diverse* defendant. As such, Goodyear's application of improper joinder is troublesome because the issue is not whether Plaintiff joined Nelson to destroy diversity, but whether Nelson's consent to remove is necessary. As explained earlier, there are three exceptions which justify a removing party's failure to obtain consent from a co-defendant. Of the exceptions, improper joinder is not included. Accordingly, Goodyear's application of improper joinder is misplaced and falls outside the permitted scope and purpose of improper joinder as laid out by the Fifth Circuit, i.e. determining whether a non-diverse defendant is a proper party.

Citing *Jernigan*, Goodyear claims that the application of the consent requirement to Nelson, an improperly joined defendant, "would be nonsensical since removal is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). The Court agrees with such a statement. However, the Court disagrees with the method in which Goodyear attempts to establish that Nelson's consent is unnecessary. In *Jernigan*, the Fifth Circuit faced a diverse defendant arguing that the plaintiffs improperly joined in-state, non-diverse defendants. *Id.* at 814. As such, the court performed an improper joinder analysis in order to determine whether subject matter jurisdiction existed via diversity of citizenship. *Id.* at 815–16. Here, Nelson does not destroy diversity. Thus, *Jernigan* is distinguishable and offers no support for Goodyear's argument.

Failure of a removing defendant to obtain consent from a co-defendant is justifiable where: (1) "the non-consenting defendant was not yet served with process at the time the removal petition was filed;" (2) "a defendant is merely a nominal, unnecessary, or formal party-defendant;" and

(3) "the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c)." *Breitling*, 86 F. Supp. 3d at 570 (citation omitted). Of these exceptions, the nominal defendant doctrine—never cited to or invoked by Goodyear—addresses the present situation. "'To establish that non-removing parties are nominal parties, the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Breitling*, 86 F. Supp. 3d at 572 (quoting *Farias v. Bexar Cty. Bd. of Trs. For Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991)).

Comparatively, the nominal defendant doctrine "involves a test substantially similar to the test for improper joinder." *Id.* As such, the Court can construe Goodyear's Notice of Removal "with some liberality to apply [the nominal defendant] doctrine, finding that the substance of the test was at least 'obliquely referred to in' [Goodyear's] Notice of Removal" by Goodyear's, albeit incorrect, application of the improper joinder doctrine. *Id.* (quoting *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002)). On the other hand, the Court can hold that Goodyear's failure to reference the correct and applicable doctrine failed to satisfy its burden to "*affirmatively explain*" why [Nelson's] consent . . . [is] unnecessary." *Id.* at 570 (emphasis added). The Court finds the latter approach is more appropriate.

In conducting its analysis on whether removal is proper, the Court resolves any doubt about the propriety of removal in favor of remand. *See Gasch*, 491 F.3d at 281–82. When a removing defendant fails to obtain a co-defendant's consent, the removing party must *affirmatively explain* why such consent is unnecessary. *Breitling*, 86 F. Supp. 3d at 570. Failure to make any reference to the applicable doctrine excusing lack of consent does not satisfy the affirmative explanation requirement. *Id.* at 572.

In its Notice of Removal (Dkt. #1), Goodyear failed to make any reference or mention to the appropriate doctrine justifying Goodyear's failure to obtain consent from Nelson—here, the nominal defendant doctrine. Instead, Goodyear relied on the improper joinder doctrine, which, as explained above, does not apply in these circumstances. As such, Goodyear did not meet its burden to affirmatively explain why Nelson's consent is unnecessary. *See id.* Accordingly, Goodyear's removal is procedurally defective, and Plaintiff, in their Motion for Remand, timely pointed out such defect. *See Farias*, 925 F.2d at 871; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 457 (5th Cir. 1998). Consequently, the Court finds that remand is appropriate. *See Thompson v Louisville Ladder Corp.*, 835 F. Supp. 337, 338 n.3 (E.D. Tex. 1993).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Remand (Dkt. #11) is hereby **GRANTED**, and this case is **REMANDED** to the 336th Judicial District Court, Fannin County, Texas, for further proceedings.

**SIGNED this 22nd day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE